IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL UPKY,

        Plaintiff,

vs.                               Cause No. CV-2013-00553

WAYNE LINDSEY, M.D.,

        Defendant.

COMPLAINT FOR MEDICAL NEGLIGENCE RESULTING IN
PERSONAL INJURY

    COMES NOW Plaintiff Russell Upky, by and through his counsel of record, the Law Offices of James P. Lyle, P.C. (James P. Lyle, Esquire) and offers the following as his Complaint herein.

    1.    Plaintiff, Russell Upky, is a resident of Collinsville, Oklahoma.

    2.    Defendant Wayne Lindsey, upon information and belief, is a resident of Dona Ana County, New Mexico.

    3.    At all material times herein, the incidents and claims arising here from occurred in the State of New Mexico, more specifically in Dona Ana and/or Otero County, New Mexico. The amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00) and, accordingly, the Court has diversity jurisdiction over this matter.

    4.    In December, 2008, Plaintiff was seen at Las Cruces Orthopaedic Associates for an injury to his left shoulder which had resulted in a full thickness rotator cuff tear. Because of unrelated medical problems, Plaintiff was unable to have surgery to repair the tear at this time.

    5.    In May, 2010, Plaintiff agreed to undergo surgery at the Las Cruces Surgical

Center as an out-patient for the rotator cuff tear and related problems.  Post-operatively he was reported to be doing well and the wound was cleaned and redressed.

6. In June, 2010, Plaintiff was reported to be doing very well and was scheduled to begin physical therapy in two (2) weeks.

7. On June 22, 2010, Plaintiff was seen and admitted to Mountain View Regional Medical Center in Las Cruces, New Mexico, by Defendant Lindsey.  His history reported that he had been suffering increasing problems with the shoulder including recent drainage, pain, swelling and fever.  On examination he was noted to have drainage from the surgical site which had tested positive for staph infection.

8. A CT scan of the left shoulder on June 22, 2010, confirmed that he had an abscess accompanied with septic joint and suspected osteomyelitis in the shoulder.

9. Defendant Lindsey knew or should have known that the condition presented on June 22, 2010, required urgent care and treatment including immediate surgical decompression and operation to address the septic infection in his shoulder.  Defendant Lindsey also knew or should have known on June 22, 2010, that Mr. Upky required an infectious disease consultation and management of his left shoulder for the infection.  These failures constitute medical negligence by Defendant Lindsey as a matter of law.

10. Defendant Lindsey failed to obtain the immediate care and consultations and failed to perform the immediate surgery required on June 22, 2010, and, instead, waited until June 23, 2010, to operate.  He performed arthroscopic incision and debridement of the left shoulder.  These failures constitute medical negligence by Defendant Lindsey as a matter of law.

11. Plaintiff required follow up care with Dr. Romanelli in the months that followed.

During this time, the Plaintiff continued to experience severe and debilitating problems given that his shoulder infection had not been timely and appropriately treated.

12.     Ultimately the mistreated and untreated shoulder infection required removal of all of the medical devices ("hardware") which had been surgically implanted in Mr. Upky's body. Plaintiff has been left with a full thickness tear of the shoulder and, as a result, suffers and will continue to suffer from a permanently torn and irreparable left rotator cuff.

13.     As a result of Defendant Lindsey's negligence, as set forth above, Plaintiff has suffered past and future medical and medically related expenses, lost earnings and lost earning capacity, loss of enjoyment of life, pain and suffering, emotional distress and disfigurement.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in his favor against the Defendant in an amount sufficient to compensate Plaintiff for his injuries and damages as set forth above, for costs of suit, pre- and post-judgment interest and such further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/    "Electronically Signed"
James P. Lyle, Esquire
1116 Second Street N.W.
Albuquerque, NM   87102
***Attorney for Plaintiff Russell Upky***